UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:15-CR-06-GFVT-HAI-1 |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| PATRICIA ANN TASKER, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court, on referral (D.E. 2), considers reported violations of supervised release conditions by Defendant Patricia Ann Tasker. District Judge William Nickerson of the United States District Court for the District of Maryland entered a judgment against Defendant on November 2, 2011, for possession of a visual depiction of a minor engaged in sexually explicit conduct. D.E. 1-3 at 1. Defendant was sentenced to forty-two months of imprisonment to be followed by ten years of supervised release. *Id.* at 2-3. On February 22, 2014, a relocation request to the Eastern District of Kentucky was made. On March 20, 2014, with Defendant's consent, the Court in the District of Maryland modified the special conditions of supervision to include the Special Conditions for Sex Offenders as adopted by the Eastern District of Kentucky. Defendant began her term of supervised release in the Eastern District of Kentucky on January 16, 2015.

On August 4, 2015, the United States Probation Office ("USPO") issued a Supervised Release Violation Report (the Report). The Report charges that Defendant committed five violations of her supervised release. First, the Report charges, in Violation #1, a violation of Special Condition #9, which provides that "[t]he defendant shall not possess or use a computer or any device with access to any on-line computer service at any location, including place of

employment, without prior written approval of the probation officer.  This includes any Internet Service provider, bulletin board system, or any other public or private network or e-mail system."  Specifically, the Report alleges that the USPO received information that Defendant was utilizing social media accounts without approval, and that a July 29, 2015 Google search of Defendant's name indicated that she has a Facebook account, a Google Plus account, and a YouTube account.  This is a Grade C violation.  Second, the Report charges, in Violation #2, a violation of the condition requiring Defendant to refrain from committing another federal, state, or local crime.  By maintaining a social media account, the Report alleges that Defendant violated KRS § 17.546, which prohibits registered sex offenders from using a social networking website, instant messaging, or a chat room that is accessible by minors.  This is a Grade C violation.

Next, in Violation #3, the Report charges that Defendant violated Standard Condition #3, which requires that "[t]he defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."  According to the Report, Defendant denied creating any social media accounts and claimed to only use a computer at the Laurel County Public Library for the limited purpose of employment searches and registering for online classes, which limited use was approved by the USPO.  Moreover, the Report alleges that Defendant stated her sister created the Facebook account in Defendant's name, and that her sister makes all posts from the account.  The Report states Defendant's sister denied this and stated she is friends with Defendant on Facebook.  This is a Grade C violation.

Fourth, the Report charges, in Violation #4, that Defendant violated Special Conditions #3 and #4, which provide that Defendant shall not frequent, volunteer, or work at places where children under the age of 18 congregate unless approved by the probation officer, and that

2

Defendant shall not associate or have verbal, written, telephonic, or electronic communications with any person under the age of 18 without the permission of the U.S. Probation Officer. Specifically, the Report alleges that Defendant has had personal contact with five minors in her neighborhood, ranging from the ages of 2 to 17 years old. Moreover, the Report charges that Defendant has communicated with one of the minors via Facebook and phone texting, and another minor via Facebook. The Report also alleges that one person under the age of 18 admitted to smoking marijuana with Defendant approximately three months ago, and another adult individual admitted to smoking marijuana with Defendant approximately three to four weeks ago. This is a Grade C violation. Finally, in Violation #5, the Report also charges a violation of Standard Condition #9, which requires that "[t]he defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any persons convicted of a felony unless granted permission to do so by the probation officer." The Report specifically charges that, at minimum, Defendant was present with a minor and an adult who were smoking marijuana. This is a Grade C violation.

The Court conducted an initial appearance pursuant to Rule 32.1 on August 6, 2015, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. D.E. 6. At the initial appearance, the United States made an oral motion for interim detention, and Defendant did not object. *Id.* The Court found that detention was appropriate as Defendant did not carry the heavy release burden imposed upon her under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). *Id.*

At the final hearing on August 14, 2015, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 9. Defendant competently entered a knowing, voluntary, and intelligent stipulation to Violations #1-4. *Id.* For purposes of Rule 32.1 proceedings,

Defendant admitted the factual basis for Violations #1-4 as described in the Report.  The United States thus established Violations #1-4 under the standard of section 3583(e).  The United States moved to dismiss Violation #5 because it elected not to call any minors as witnesses concerning criminal activity.  The Court continued the hearing until August 25, 2015, in order to determine whether it could consider the circumstances concerning Violation #5 in determining a recommended sentence even though the United States had moved to dismiss the Violation.

Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction.  Defendant pled guilty to possession of a visual depiction of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B), which is a Class C felony.  *See* 18 U.S.C. 2252(a)(4)(B); 18 U.S.C. § 3559.  For a Class C felony, the maximum revocation sentence provided under section 3583 is two years of imprisonment.  18 U.S.C. § 3583(e)(3).  The Policy Statements in Chapter 7 of the Sentencing Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven.  *See United States v. Perez-Arellano*, 212 F. App'x 436, 438–39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted).  Under § 7B1.1, Defendant's admitted conduct would qualify as Grade C violations.  Given Defendant's criminal history category of I (the category at the time of the conviction in this District) and a Grade C violation, Defendant's Range, under the Revocation Table of Chapter 7, is three to nine months.

At the August 14, 2015 hearing, the parties offered different recommended sentences. The United States recommended revocation and a sentence of twelve months imprisonment to be followed by a ten-year term of supervised release.  In support of this upward departure from Defendant's Range, the United States argued that Defendant received a significant break when she was sentenced for her underlying conviction.  Specifically, the United States stressed that the original Guidelines Range was 120 months, but her original sentence was just forty-two months of imprisonment.  The United States also argued that Defendant actually created the child pornography she possessed, so she received a huge break when the United States prosecuted her for possession instead of production (which would have carried a mandatory minimum prison term of fifteen years).  *See* 18 U.S.C. § 2251.  Therefore, analogizing to Application Note 4 to § 7B1.4, the United States argued that the Court should depart upward for the significant breach of the Court's trust committed on supervision.  Moreover, the United States argued that Defendant's violations are very serious because not only did Defendant create a social media profile, she contacted minors through social media use.  This, given Defendant's conviction for possessing child pornography, creates a substantial risk of harm to children, who are the most vulnerable members of society.  Therefore, the United States stated that an upward departure is necessary to protect the public and to further deter criminal conduct.

Defense counsel recommended either a downward departure or a sentence on the low end of the Defendant's Range, to be followed by ten years of supervised release.  Defense counsel argued that such a sentence was justified because Defendant had a traumatic upbringing, suffering substantial abuse as a child that stunted her emotional development.  Moreover, defense counsel asserted that Defendant is in need of mental health counseling for numerous mental health problems, and has other significant medical issues that warrant her being out of

jail.  Finally, defense counsel argued that Defendant received a lower sentence for the underlying conviction because the United States had a particularly weak case, and therefore an upward departure was not warranted.

The Court has evaluated the entire record, the Report and accompanying documents, and the sentencing materials from the underlying Judgment from the District of Maryland.  Further, the Court has considered the attached letter from Defendant's attorneys in the District of Maryland to the sentencing judge.  The letter explains the basis for the parties binding recommended Guidelines Range for the underlying conviction.  Additionally, the Court has considered all of the section 3553 factors imported into the section 3583(e) analysis, as well as the Guidelines Range.  The Court is not permitted to consider the conduct that formed the basis of the dismissed Violation #5 because the conduct was not proven by a preponderance of the evidence.  *See United States v. Arencebia*, Nos. 14-10591, 2015 WL 3876330, at *8 (11th Cir. June 24, 2015).

The Court first considers the nature and circumstances of Defendant's conviction, which are very serious.  *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2001) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release).  As the attached letter indicates, Defendant's case is not a "typical" child pornography case because her conduct does not indicate a prurient interest in children.  However, this does not mean that Defendant's conduct was not troubling.  She was in a position of trust to care for a young child and took advantage of that trust by essentially sexually abusing the child.

Defendant's history and characteristics include both aggravating and mitigating factors.  Defendant's upbringing was filled with traumatic events and tragedy that have stunted her mental development.  While this is a mitigating factor, Defendant's deceptive actions here

indicate that she understood her conduct to be wrong and attempted to cover up her actions through a fairly elaborate lie. Moreover, the Court has considered the need for treatment and finds that Defendant needs significant mental health treatment in order to better understand that she is an adult, her conditions of supervision are important, apply to her, and must be strictly and followed completely.

The Court has also considered the need to protect the public and deter criminal conduct. The need to protect the public is high in this case because the risk of harm is to minors, the most vulnerable members of our society. Because Defendant's history indicates she is not the typical collector of child pornography, the greatest threat is that Defendant will develop a relationship of trust with a minor and again have the opportunity to abuse. Therefore, a significant term of imprisonment is necessary to protect the public from such potential conduct and to adequately convey to Defendant that she must abide by her terms of supervision.

The Court reminds Defendant that the Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(e).

Defendant's conduct in violating the conditions of her supervision represents a significant breach of the Court's trust. Defendant lied to her supervising officer about how the social media accounts were created and used, and such deception cannot be tolerated. Furthermore, it is

7

particularly troubling to the Court that Defendant violated the conditions of her supervision so quickly after release from custody.  Based on this significant breach of trust, a sentence at the top of Defendant's Guidelines Range is warranted.   Defendant was warned that any further dishonesty will result in harsher punishment.

Ultimately, a sentence of nine months is at the top of the Guidelines Range and, for the reasons stated above, the Court finds such a term to be sufficient, but not greater than necessary, to meet the section 3553(a) factors incorporated into this analysis.  *See* 18 U.S.C. § 3583(e).  Moreover, the need to avoid unwarranted sentence disparities among defendants with similar records who have committed similar violations is addressed by the recommendation of a sentence within Defendant's Guidelines Range.  Defendant's deception precludes a low-end or below Guidelines sentence.  Because these are her first violations and are all classified as Grade C violations, the upward departure sought by the United States is not warranted.

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation.  *See* 18 U.S.C. § 3583(b) & (h).  The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release."  *See* 18 U.S.C. § 3583(h).  Given the nature of Defendant's conviction, pursuant to 18 U.S.C. § 3583(k), the maximum authorized reimposition term of supervised release is any term of years not less than five years, or life.  The Court finds that Defendant needs a significant amount of supervision following imprisonment to protect the public, deter criminal conduct, and provide treatment.  Accordingly, the Court accepts the joint recommendation of the parties that a term of supervised release of 120 months be reimposed following imprisonment with the same

8

conditions previously imposed.  Moreover, the Court recommends that Defendant be promptly evaluated upon her release for any mental health treatment for which she may be eligible.

Based on the foregoing, the Court **RECOMMENDS**:

1. Revocation with a term of imprisonment of nine months;

2. A term of supervised release of 120 months, under the conditions previously imposed, and that Defendant be  promptly evaluated for any mental health treatment for which she may be eligible; and

3. Dismissal of Violation #5.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute.  *See also* 18 U.S.C. § 3401(i).  As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.  Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 31st day of August, 2015.

Signed By:

*Hanly A. Ingram*

United States Magistrate Judge