UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:15-cr-06-GFVT-HAI-1 |
| | ) | |
| V. | ) | |
| | ) | |
| PATRICIA ANN TASKER, | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendant. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly Ingram. [R. 12.] The Defendant, Patricia Ann Tasker, is charged with four violations of her supervised release. [*Id.* at 1-4.] Ms. Tasker was initially sentenced in the United States District Court for the District of Maryland, for possession of a visual depiction of a minor engaged in sexually explicit conduct. [*Id.* at 1; *see also* R. 1.] Tasker was then relocated to the Eastern District of Kentucky, beginning a term of supervised release in the Eastern District of Kentucky on January 16, 2015. [R. 12 at 1.]

On August 4, 2015, the United States Probation Office issued a Supervised Release Violation Report indicating that Tasker committed five violations of her supervised release. [*Id.*] Tasker was charged with (1) utilizing social media accounts without prior approval of a probation officer; (2) violating KRS § 17.546, which prohibits sex offenders from using a social networking website that is accessible by minors; (3) failing to be truthful to a probation officer; (4) interacting with minors without permission, either through personal contact or via Facebook and phone texting. [*Id.* at 2-3.] The Supervised Release Violation Report included a fifth

violation; however, the Plaintiff has moved to dismiss the alleged fifth violation, and Judge Ingram properly did not consider the conduct forming the basis of that dismissed violation in making his recommendation. [*See id.* at 6.]

At a hearing before Judge Ingram on August 14, 2015, Ms. Tasker competently stipulated to Violations #1-4. [R. 9.] Following the final hearing, the matter was referred to Judge Ingram to recommend a proposed disposition. Concerning the instant offense, Ms. Tasker stipulated knowingly, voluntarily, and intelligently to the charged violations of her supervised release during the August 14, 2015, hearing before Judge Ingram. On August 31, 2015, Judge Ingram issued a Recommended Disposition which recommended revocation of Tasker's term of supervised release and a term of imprisonment of nine (9) months, followed by a term of supervised release of one hundred twenty (120) months, under the conditions previously imposed. Judge Ingram also recommended that Tasker be promptly evaluated upon her release for any mental health treatment for which she may be eligible. [R. 12 at 9.]

Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in coming to his recommended sentence. The Recommended Disposition particularly noted the troubling nature of Ms. Tasker's deception to the Probation Office regarding whether or not and for what purpose various social media accounts in her name were created. [*Id.* at 7.] Throughout his analysis, Judge Ingram considered the recommended sentences of the parties, the maximum revocation sentence provided under 18 U.S.C. § 3583, and the Policy Statements in Chapter 7 of the United States Judge Sentencing Guidelines, for the purpose of seeking a sufficient, but not greater than necessary, result.

In addition, pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within

fourteen (14) days of service. [*Id.* at 5-6.] *See* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Recommended Disposition were filed within the appropriate time period by either party.

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 12**] as to Defendant Patricia Ann Tasker is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Patricia Ann Tasker is found to have violated the terms of her Supervised Release as set forth in the Report filed by the U.S. Probation Office and the Recommended Disposition of the Magistrate Judge;

3. Tasker's Supervised Release is **REVOKED**;

4. Tasker is sentenced to a term of **nine (9) months** of incarceration;

5. Tasker will be subject to a term of **supervised release of one hundred twenty (120) months**, under the conditions previously imposed, and shall promptly be evaluated for any mental health treatment for which she may be eligible;

6. Violation #5 as set forth in the Report filed by the U.S. Probation Office is dismissed, consistent with the Recommended Disposition of the Magistrate Judge; and

7. Judgment shall be entered promptly.

This the 8th day of October, 2015.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge