UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:15-CR-00006-GFVT-HAI-1 |
| | ) | |
| V. | ) | |
| | ) | |
| PATRICIA ANN TASKER a/k/a | ) | **ORDER** |
| PATRICIA MCKEE, | ) | |
| | ) | |
| | ) | |
| Defendant. | | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 22.] Defendant Patricia Ann Tasker has been charged with four violations of her supervised release for unauthorized possession of an iPhone and unauthorized contact with a minor. *Id*. at 3–4.

On November 2, 2011, District Judge William Nickerson of the United States District Court for the District of Maryland sentenced Ms. Tasker to forty-two (42) months imprisonment for possession of a visual depiction of a minor engaged in sexually explicit conduct. [R. 1-3 at 1–3.] She began her ten-year term of supervised release in the Eastern District of Kentucky on January 16, 2015. [R. 22 at 1.] Shortly thereafter, Ms. Tasker stipulated to violations of her release by using a computer to create and maintain social media accounts without permission from the United States Probation Office (USPO). [R. 12 at 1–3.] This Court revoked her supervised release and sentenced her to nine months of imprisonment followed by 120 months of supervised release. [R. 14; R. 15.] Ms. Tasker began her 120-month term of supervised release on May 4, 2016. [R. 22 at 3.]

According to the Supervised Release Violation Report (the Report) issued by the USPO on April 17, 2018, Ms. Tasker admitted to her probation officer that she had an unauthorized iPhone.  *Id*.  She further admitted to accessing the internet on four separate unauthorized smart phones, as well as participating in unauthorized contact with several minor children.  *Id*.  She relinquished the iPhone to USPO, where forensic analysis revealed Ms. Tasker had accessed websites containing pornographic material on numerous occasions between December 14, 2017, and April 11, 2018.  *Id*.  She also used the phone to take videos and photos, though none contained pornography or minors.  *Id*.  The Report charges Ms. Tasker with four violations of her supervised release.  Violation #1, a Grade C Violation, charges her with violating the special condition prohibiting her from the use of "computer systems, Internet-capable devices and/or similar electronic devices . . . without the prior approval of the [USPO,]" and prohibits her from possession or use of "a computer or any electronic device with access to any 'on-line computer service'" without first securing USPO approval.  *Id*.  Violation #2 charges Ms. Tasker with violating her special condition forbidding her from using or possessing "a device capable of creating pictures or video" without USPO approval, another Grade C Violation.  *Id*.  Violation #3 charges her with violating the special condition barring her from having any "verbal, written, telephonic, or electronic communication with any person under the age of 18 without the permission of the probation officer," a Grade C Violation.  *Id*. at 3–4.  Finally, Violation #4 charges her with violating her special condition that she "not possess, view, listen to, or go to locations where any form of pornography, sexually stimulating performances, or sexually oriented material, items, or services are available," another Grade C Violation.  *Id*. at 4.

Upon her initial appearance before Magistrate Judge Hanly A. Ingram on May 22, 2018, the United States moved for interim detention.  *Id*.  Ms. Tasker did not object and Judge Ingram

found detention appropriate. [R. 20.] On May 31, 2018, Judge Ingram held a final revocation hearing, where Ms. Tasker competently entered a knowing, voluntary, and intelligent stipulation to Violations #1, #2, and #3. [R. 21.] The United States moved to dismiss Violation #4. *Id*. Subsequently, Judge Ingram prepared a Report and Recommendation, which evaluates the relevant 18 U.S.C. § 3553 factors.

With Ms. Tasker's criminal history category of I and a Grade C violation,[1] Judge Ingram calculated her Guidelines Range to be three (3) to nine (9) months. [R. 22 at 5.] The parties agreed to a recommendation of a 120-month additional term of supervised release, but disagreed on a term of imprisonment. *Id*. The Government argued for twelve months of imprisonment, above the Guidelines Range. *Id*. The United States noted that this was not Ms. Tasker's first violation, and that in her underlying offense, she had used a computer to create the child pornography she was convicted for possessing. *Id*. at 5–6. According to the Government, Ms. Tasker's repeated use of unauthorized devices suggests a danger to the community and a need to protect the public from future conduct. *Id*. at 6. Furthermore, the United States indicated Ms. Tasker has received leniency in the past, receiving an original sentence of forty-two (42) months when her Guidelines Range was 120 months. *Id*. Because she abused the Government's trust, and because she only admitted to the conduct upon facing a polygraph examination, the United States argued an upward departure is appropriate. *Id*. at 6–7. Defense counsel argued for a sentence within the Guidelines Range, or alternatively, a sentence of twelve months plus one day imprisonment so that Ms. Tasker could earn good time and potentially early release. *Id*. at 7. According to her attorney, Ms. Tasker has been attending mental health counseling, and her

---

[1] *See* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

3

history of trauma and mental health conditions are mitigating circumstances. *Id*. Furthermore, defense counsel maintained that her admission to the violation conduct outweighed any potential danger to the public or need for deterrence. *Id*.

After consideration of the nature and circumstances of Ms. Tasker's conviction, as well as her history and characteristics, Judge Ingram found revocation to be appropriate in this case. *Id*. at 8. Ms. Tasker's underlying conviction creates a significant risk of danger to the public, and her continuous breaches of the Court's trust demonstrates that she remains a danger to the public. *Id*. at 7–8. Furthermore, while she maintained a USPO-monitored computer, she chose to commit violations on the unauthorized devices she possessed, showing that Ms. Tasker understood the consequences of her actions. *Id*. at 8.

In addition to revocation, Judge Ingram believes an upward departure from the Guidelines Range is appropriate. *Id.* at 8–9. Accordingly, in his recommendation, he provides a lengthy explanation, considering "the extent of the deviation" and ensuring "the justification is sufficiently compelling to support the degree of variance." *United States v. Johnson*, 640 F.3d 195, 205 (6th Cir. 2011) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). Judge Ingram believes that Ms. Tasker's consistent breaches of the Court's trust justify such a sentence. [R. 22 at 9.] The Court previously warned Ms. Tasker, upon her prior revocation of release, that future dishonesty would result in a harsher punishment. [R. 12 at 7–8.] However, Ms. Tasker continues using unauthorized devices. Judge Ingram further indicated that the sentence requested by defense counsel, incarceration of twelve months and one day, is inappropriate, as Ms. Tasker has not yet demonstrated compliance with her imposed conditions. [R. 22 at 9.] Accordingly, Judge Ingram recommended twelve months of imprisonment followed by re-imposition of her 120-month term of supervised release. *Id*. at 9–10.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Report and Recommendation were filed within the appropriate time by either party. Instead, Ms. Tasker has filed a waiver of allocution. [R. 23.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 22**] as to Defendant Patricia Tasker, is **ADOPTED** as and for the Opinion of the Court;

2. Ms. Tasker is found **GUILTY** of Violation #1, Violation #2, and Violation #3;

3. Ms. Tasker's Supervised Release is **REVOKED**;

4. Ms. Tasker is hereby sentenced to **twelve (12) months imprisonment**;

5. Upon completion of the term of incarceration, Ms. tasker is hereby sentenced to a term of supervised release of **120 months** under the conditions previously imposed plus a condition requiring participation in a treatment program addressing substance abuse and mental health;

6. Violation #4 is **DISMISSED**;

7. The Court recommends to the Bureau of Prisons that Ms. Tasker be designated to USP Hazelton in Bruceton Mills, West Virginia to be near her power of attorney; and

8. Judgment shall enter promptly.

This the 26th day of June, 2018.

Gregory F. Van Tatenhove
United States District Judge